# EXHIBIT A

Sarah J. Spinuzzi (SBN 305658)
Email: sarah@coastkeeper.org
Lauren D. Chase (SBN 324162)
Email: lauren@coastkeeper.org
ORANGE COUNTY COASTKEEPER &
INLAND EMPIRE WATERKEEPER
3151 Airway Ave, Suite F-110
Costa Mesa, CA 92626
Telephone: (714) 850-1965

*Attorneys for Plaintiffs Inland Empire Waterkeeper*

*& Orange County Coastkeeper*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a program of Orange County Coastkeeper, and ORANGE COUNTY COASTKEEPER, a California non-profit corporation, | Civil Case No. 8:21-cv-01001 |
| | **[Proposed] CONSENT DECREE** |
| Plaintiffs, | |
| vs. | |
| PREZERO US, INC.; PREZERO US SERVICES, LLC; 170 NORTH TURNER, LLC; APOLLO SOUTHWEST, INC.; and ARMEN DERDERIAN | |
| Defendants. | |

## CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiffs Orange County Coastkeeper and Inland Empire Waterkeeper (together, "Plaintiffs" or "Waterkeeper"), and Defendants PreZero US, Inc.; PreZero US Services, LLC; 170 North Turner, LLC; Apollo Southwest, Inc. and Armen Derderian (together, "Defendants" or, for the purposes of PreZero US, Inc.; PreZero US Services, LLC; and Apollo Southwest, Inc. "PreZero" or, for the purposes of 170 North Turner, LLC and Armen Derderian ("Landlord")). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

WHEREAS, Orange County Coastkeeper is a non-profit public benefit corporation dedicated to the preservation, protection, and restoration of the environment, the wildlife and the natural resources of all waters of California, including the Santa Ana River and its tributaries;

WHEREAS, Inland Empire Waterkeeper is a program of Orange County Coastkeeper;

WHEREAS, Defendants own and/or operate a recycling services medium volume transfer/processing facility at 170 N. Turner Ave., Ontario, California 91761 (the "Facility");

WHEREAS, storm water and authorized non-storm water discharges from the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 State Water Resources Control Board Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ, as amended by Order No. 2014-0057-DWQ, as amended by Order No. 2015-0122-DWQ (collectively, as amended, and as may be amended from time to time, the "IGP"), issued pursuant to Section 402 of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* (the "Clean Water Act" or the "CWA");

WHEREAS, on March 29, 2021, Waterkeeper issued a 60-day notice letter (the

"Notice Letter") to Defendants alleging violations of the Storm Water Permit and the Clean Water Act at the Facility;

**WHEREAS**, on June 7, 2021, Waterkeeper filed a complaint against Defendants (the "Complaint") in the United States District Court, Central District of California (Civil Case No. 8:21-cv-01001-JLS-JDE) (the "Action");

**WHEREAS**, Waterkeeper alleges Defendants are violating the substantive and procedural requirements of the IGP and the CWA;

**WHEREAS**, Defendants deny each of Waterkeeper's claims in the Notice Letter and the Complaint;

**WHEREAS**, the Settling Parties have each agreed that it is in their mutual interest to enter into a Consent Decree in this Action setting forth terms and conditions appropriate to resolving the allegations set forth in the Notice Letter and the Complaint without further proceedings;

**WHEREAS**, the Settling Parties agree that all references to Defendants' future compliance with the "IGP" shall refer to the then-effective version of the IGP;

**WHEREAS**, all actions taken by Defendants pursuant to this Consent Decree shall be made in compliance with applicable Federal and State laws and local rules and regulations; and

**WHEREAS**, the Settling Parties agree that each and every WHEREAS clause above is a material part of the Consent Decree.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.     The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A).

2.     Venue is appropriate in the Central District pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Facility is located within this

District.

3.     The Complaint alleges claims upon which relief may be granted pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365.

4.     Plaintiffs have standing to bring this action.

5.     The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## I.     AGENCY REVIEW AND TERM OF CONSENT DECREE

6.     The term "Effective Date" as used in this Consent Decree shall mean the day that this Consent Decree is fully executed by the Settling Parties.

7.     Plaintiffs shall submit this Consent Decree to the United States Department of Justice and the Environmental Protection Agency (collectively, the "Federal Agencies") within three (3) business days of the Effective Date for agency review consistent with 40 C.F.R. § 135.5. The Federal Agencies' review period expires forty-five (45) days after receipt of this Consent Decree by the Federal Agencies, as evidenced by the return receipts, copies of which shall be provided by Waterkeeper to Defendants.  In the event that the Federal Agencies comment negatively on or object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.

8.     This Consent Decree shall terminate on the later of the following: (i) five (5) years from the Effective Date, or (ii) upon the occurrence of the following events: (x) if an Action Plan (as defined in this agreement) is required per Paragraph 20 below during the 2026-2027 reporting year,[1] one (1) additional reporting year after complete implementation of the measures described in the Action Plan; or (y) if there is an ongoing, unresolved dispute regarding PreZero's compliance with this Consent Decree as of the termination date, within fifteen (15) days of notice by PreZero and Waterkeeper that the dispute has

---

[1] Reporting year is from July 1-June 30.

been fully resolved (the "Termination Date," as applicable).  The length of time between the Effective Date and the Termination Date shall be the "Term."

9.     Early Termination.

9.1. Notwithstanding Paragraph 8 above, starting in the 2022-2023 reporting year, if PreZero has no discharges of storm water or unauthorized non-storm water for three (3) consecutive reporting years that exceed the On-site Compliance Option found in Attachment I to the IGP, PreZero shall have the option to terminate this Consent Decree on June 30 of the reporting year, provided that any outstanding payments under this Consent Decree have been made to Waterkeeper.

9.2. Notwithstanding Paragraph 8 above, if PreZero should cease operations at the Facility and file a Notice of Termination ("NOT") under the IGP before the Termination Date, PreZero shall send Waterkeeper a copy of the proposed NOT concurrent with the NOT's submittal to the Regional Board.  PreZero shall be released from all obligations under the Consent Decree, and the Consent Decree will terminate with respect to PreZero, upon the Santa Ana Regional Water Quality Control Board's ("Regional Board") approval of the NOT; provided, however, that within ten (10) days of the Regional Board's approval of the NOT PreZero shall notify Waterkeeper in writing of the approval and promptly pay any remaining amounts then due hereunder as provided herein.

9.2.1. Notwithstanding Paragraph 9.2 above, this Consent Decree shall remain effective in connection with an assignment pursuant to Paragraph 48 or the arrival of a New Industrial Tenant pursuant to Paragraph 49.

## II.     COMMITMENTS OF THE SETTLING PARTIES

A.     **Storm Water Pollution Control Best Management Practices**

10.     In addition to implementing the current Best Management Practices ("BMPs") required by the IGP, PreZero shall develop and implement the BMPs identified herein, as well as any other BMPs necessary to comply with the provisions of this Consent Decree. Specifically, PreZero shall develop and implement the following BMPs that are anticipated to prevent or to reduce contamination in storm water discharged from the Facility consistent with use of the Best Available Technology Economically Achievable ("BAT") and the Best Conventional Treatment Technology ("BCT") and in compliance with water quality standards ("WQS").

11.     <u>BMPs</u>.

11.1.  No later than January 1, 2022, PreZero shall develop and fully implement the following BMPs at the Facility:

11.1.1.     Install a rain gauge at the site capable of measuring and recording rainfall from at least 0.1 inches at the Facility.

11.1.2.     Establish an inspection plan for all Facility equipment and areas and conduct such inspections at a minimum of once per week. PreZero will address any equipment leaks, including fixing or mitigating the leak and cleaning the affected area.

11.1.3.     Implement a weekly site pressure washing schedule.

11.1.4.     Refrain from utilizing the front parking lot depicted in Exhibit A for any industrial activities that would require IGP coverage, including but not limited to loading or unloading waste-carrying trucks and storage of "industrial materials" as that term is defined in the IGP.

11.2.  No later than April 1, 2022, PreZero shall develop and fully implement the following BMPs at the Facility, consistent with the depictions on the map attached as Exhibit A:

11.2.1.     Install   water   storage   tanks   and   other   infrastructure

designed to store an amount of storm water to be at least as compliant as meeting the On-site Compliance Option found in Attachment I to the IGP.  Based on a water balance model including historical precipitation data from the Ontario Airport rain gauge, eliminating the volume of runoff based on Attachment I's 85th percentile, 24-hour storm event on a daily basis will reduce storm water discharges from the Facility by at least 87.3%.

11.2.1.1.   Install permanent curbing/berming to contain storm water within the boundaries of the Facility.

11.2.1.2.   Install sumps and pumps such that following rain events storm water will be pumped from the drainage areas to the water storage tanks.  No more than forty-eight (48) hours following the cessation of a rain event, PreZero will pump standing water from the drainage areas to the storage tanks.  The person(s) or position(s) responsible for pumping standing water will be identified in the SWPPP.

11.2.2.   For each of the BMPs described in Paragraphs 11.2.1, 11.2.1.1, and 11.2.1.2, pursuant to Paragraph 41 the compliance deadline shall be tolled on a day-for-day basis if there are administrative or permitting delays attributable to the City of Ontario or other agency with permitting or approval jurisdiction over Facility improvements that delay the permitting or construction of the BMPs described herein.

11.2.3.   Following the installation of the BMPs described in 11.2.1, 11.2.1.1, and 11.2.1.2, PreZero will install closed-circuit television ("CCTV") cameras to monitor the points identified on Exhibit A during rain events.  The CCTV cameras will operate 24

hours per day during rain events.  The Parties acknowledge that the locations on Exhibit A have been identified to confirm that there is no unlawful offsite storm water runoff from the Facility's industrial areas.

    11.2.4.     If unlawful runoff from the Facility's industrial areas is observed, additional curbing will be installed to prevent such unlawful storm water runoff from discharging offsite.

11.3.  No later than June 1, 2022, PreZero shall develop and fully implement one of the following BMPs at the Facility:

    11.3.1.     Install a permitted connection to the City of Ontario or Inland Empire Utilities Agency sewer system; or

    11.3.2.     Regularly transport the storm water collected in the water storage tanks offsite for recycling or disposal. All records related to the transport of retained storm water off site shall be maintained for a period of no less than five years, and shall be made available to Waterkeeper within fourteen (14) days of receipt of a written request.

11.4.     PreZero shall provide Waterkeeper written documentation demonstrating that the required BMPs have been implemented in compliance with this section within fifteen (15) calendar days of implementation or completion, as applicable.

11.5.     To the extent that implementation of any of the BMPs described in this Consent Decree require consent of Landlord, consent shall not be withheld.

**B.**    **Storm Water Sampling**

12. <u>Sampling</u>. The following storm water monitoring procedures shall be implemented at the Facility:

12.1.     <u>Frequency</u>. During the Term of this Consent Decree and thereafter in compliance with the IGP, in the event qualifying storm water discharges occur, PreZero shall collect samples from at least four (4) storm water discharges per reporting year from each of the Facility's discharge locations identified in the SWPPP; provided, however, that at least four (4) Qualified Storm Events, as defined in the IGP ("QSEs") occur during the applicable reporting year.

12.2.     <u>Parameters</u>. All samples collected pursuant to this section shall be analyzed for the parameters listed in Table 1.

12.3.     <u>Lab</u>. A laboratory accredited by the State of California shall analyze all samples collected pursuant to this Consent Decree.

12.4.     <u>Detection Limits</u>. The laboratory shall use analytical methods adequate to detect the individual parameters at or below the values specified in Table 1.

12.5.     <u>Holding Time</u>. All samples collected from the Facility shall be delivered to the laboratory and analyzed within the holding times required in 40 CFR Part 136.

12.6.     <u>Results</u>. PreZero shall request that sample-analysis results and associated chain of custody forms be reported to them within fourteen (14) business days of laboratory receipt of the sample.

12.7.     <u>Reporting</u>. PreZero shall provide the complete lab results and photographs of all samples collected at the Facility to Waterkeeper within ten (10) business days of PreZero's receipt during the Term of this Consent Decree.

13.     <u>Rain Gauge Data</u>. In addition to the reporting requirements of Paragraph 28 below, Defendants shall provide the rain gauge data records described in Paragraph 11.1 to Waterkeeper along with lab results submitted to Waterkeeper pursuant to Paragraph 12.7

or within fourteen (14) days of a request by Waterkeeper.

C.   **Visual Observations**

14.   <u>Rain Event Visual Observations</u>. During the Term of the Consent Decree, PreZero personnel shall visually monitor the effectiveness of the BMPs during at least six (6) rain events per reporting year during the Facility's Hours of Operation, regardless of whether discharge is produced; provided, however, that in the event there are less than six (6) rain events per reporting year, PreZero personnel shall have the obligation to visually monitor the number of rain events that actually occur.  If the rain event does not occur during "Hours of Operation," as that period is defined in the Facility's SWPPP, PreZero shall inspect the Facility's perimeter and document such inspection during the Hours of Operation immediately following such rain event.

14.1.   For the three (3) years following the installation of the BMPs described in Paragraphs 11.2.1, 11.2.1.1 and 11.2.1.2, PreZero shall record during rain events the effectiveness of the BMPs described in Paragraphs 11.2.1.1 and 11.2.1.2  with video footage obtained from PreZero's CCTV BMP described in 11.2.3.  PreZero shall provide such videos to Waterkeeper no later than ten (10) business days after the rain event visual observation.

15.   <u>Non-Storm Water Discharge Observations</u>. During the Term of this Consent Decree, PreZero shall conduct monthly non-storm water visual observations in accordance with Section XI.A of the IGP.  Upon Waterkeeper's written request, PreZero shall provide Waterkeeper with a copy of PreZero's non-storm water visual observation records within fourteen (14) days of receipt of such request. Waterkeeper shall be entitled to make no more than two requests per Reporting Year for non-storm water visual observation records.

16.   <u>Visual Observation Records</u>. PreZero shall maintain observation records to document compliance with this Section C.

D.   **Employee Training**

17.     Within sixty (60) days of the Effective Date, PreZero or its consultant (which for the purposes of this Paragraph 17 shall be collectively referred to as "PreZero") shall develop and implement a training program to ensure (1) there are a sufficient number of employees designated to achieve compliance with the IGP and this Consent Decree at the Facility (the "Designated Employees"); (2) such Designated Employees are properly trained to perform the required activities to achieve compliance with the IGP, the Facility SWPPP, and this Consent Decree; and (3) all PreZero employees at the Facility receive basic information regarding storm water housekeeping and best practices as part of the onboarding process (the "Training Program"). Training of Designated Employees shall be conducted by a Qualified Industrial Stormwater Practitioner ("QISP"). At a minimum, the Training Program shall include:

17.1.   <u>Non-Storm Water Discharges</u>. Designated Employees will be trained on the IGP's prohibition of non-storm water discharges, so that Designated Employees know what non-storm water discharges are, that non-storm water discharges can result from improper surface washing or dust control methods, and how to detect and prevent non-storm water discharges and dumping.

17.1.1.   All PreZero employees at the Facility shall receive the same information in paragraph 17.1 above, both orally and in writing, as part of the employee onboarding process, or, if already employed, within sixty (60) days of the Effective Date. All employees at the Facility will sign a form acknowledging receipt of such information.

17.1.2.   A poster regarding basic storm water housekeeping and best practices will be displayed prominently in the Facility's break room for the Term of this Consent Decree. The poster shall be posted in the language(s) in which employees are fluent.

17.2.    <u>The SWPPP and BMPs</u>. PreZero shall train all Designated Employees on the SWPPP and specifically BMP implementation and/or maintenance, as applicable, to ensure that BMPs are implemented effectively to prevent the unlawful discharge of contaminated storm water and unauthorized non-storm water, and to ensure the proper collection and disposal of storm water at the Facility.

17.3.    <u>Storm Water Sampling and Visual Monitoring</u>. PreZero shall designate and train an adequate number of Designated Employees necessary to collect storm water samples from each discharge location at the Facility and conduct visual monitoring as required by this Consent Decree. The training shall include the proper sampling protocols, including chain of custody requirements, to ensure storm water samples are properly collected, stored, and submitted to a certified laboratory.

17.4.    <u>Training Implementation</u>. A private consultant familiar with the requirements of this Consent Decree and the IGP shall implement the Training Program for Designated Employees at the Facility.   The Training Program shall be conducted in the language of the Designated Employees participating in the Training Program.   The Training Program shall be repeated annually, or more frequently, as necessary, during the Term to ensure all Designated Employees are familiar with the requirements of this Consent Decree and the IGP.  All new staff intended to become Designated Employees will receive this training before assuming responsibilities for compliance with this Consent Decree or the IGP.

18.   <u>Training Records</u>. PreZero shall maintain training records to document compliance with this Section D and shall provide Waterkeeper with a copy of these records within fourteen (14) days of receipt of a written request. Waterkeeper shall be entitled to

make no more than two requests per Reporting Year for training records.

E. **Reduction of Pollutants in Discharges**

19. <u>Non-Sanitary Sewer Storm Water Contaminant Reduction</u>. Pollutants in industrial storm water discharges, if any, that are not discharged via the permitted sewer connection pursuant to paragraph 11.3.1 or transported off-site pursuant to Paragraph 11.3.2 ("Non-Sanitary Sewer Storm Water Discharges"), shall not exceed the limits in Table 1 ("Numeric Limits"), except as provided herein or otherwise in accordance with Attachment I of the IGP. After June 1, 2022 and for the remainder of the Term of this Consent Decree, a discharge from the Facility that is not in compliance with this Consent Decree or Attachment I of the IGP and which exceeds any two (2) Numeric Limits in Table 1 for storm water samples collected during a reporting year from the Facility shall trigger the Action Plan requirement of Paragraph 20.

**Table 1. Numeric Limits for Non-Sanitary Sewer Storm Water Discharges[2]**

| Parameter | Limit | Source of Limit |
|---|---|---|
| Total Suspended Solids | 100 mg/L | IGP |
| Total Recoverable Copper | 0.0332 mg/L | IGP |
| Total Recoverable Zinc | 0.26 mg/L | IGP |
| Oil and Grease | 15 mg/L | IGP |
| Total Recoverable Aluminum | 0.75 mg/L | IGP |
| Total Recoverable Iron | 1.0 mg/L | IGP |
| N+N | 0.68 mg/L | IGP |
| Chemical Oxygen Demand | 120 mg/L | IGP |
| pH | 6.5 – 8.5 S.U. | Basin Plan |
| Coliform, E. Coli | 126 MPN/100ml | Basin Plan |
| Enterococcus | 35 MPN/100ml | Basin Plan |

20. <u>Action Plan</u>. If in any particular reporting year storm water sampling shows that storm water discharges are occurring that violate this Consent Decree and Attachment I of the IGP and that exceed any two (2) of the Table 1 Numeric Limits, then PreZero shall

---

[2] Dissolved copper and limits are hardness dependent. The 2008 EPA Benchmark based limits expressed assume hardness of 101 mg/l $CaCO_3$. Defendants may adjust the limit using the methods provided in Appendix J of the 2008 EPA Multi-Sector General Permit based on receiving water sampling hardness data as applicable.

505158827.23

submit a plan for reducing or eliminating the discharge of pollutants designed to achieve the Table 1 Numeric Limits during the next reporting year at the Facility (an "Action Plan"). In any year that an Action Plan is required, it shall be submitted by July 1 (or as promptly as reasonably possible, but no later than October 1) immediately following the reporting year during which the exceedance occurred.

20.1.   <u>Requirements</u>. Each Action Plan submitted shall include at a minimum: (1) the identification of the contaminant(s) discharged in excess of the Numeric Limit(s), (2) an assessment of the source of each contaminant exceedance, (3) the identification of additional BMPs, including, potentially, storm water treatment or additional capture volume, or other appropriate measures, that could be implemented to achieve compliance with the Numeric Limit(s), and (4) time schedules for implementation of the proposed BMPs.  The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1, unless otherwise agreed upon by the Settling Parties.

20.2.   <u>Action Plan Review</u>. Waterkeeper shall have thirty (30) days upon receipt of PreZero's Action Plan to provide PreZero with comments. Within fifteen (15) days of PreZero's receipt of Waterkeeper's comments on the Action Plan, PreZero shall accept and incorporate Waterkeeper's comments of recommended BMPs into the Action Plan, or provide Waterkeeper with a written explanation of the reason(s) for not developing or not implementing one or more of Waterkeeper's recommended BMPs.  Disputes regarding Waterkeeper's comments or the adequacy of a particular BMP shall not impact the schedule for implementing any other undisputed BMP set forth in the Action Plan. Any disputes as to the adequacy of the Action Plan shall be resolved

pursuant to the dispute resolution provisions of this Consent Decree, set out in Section III below.

21.     Whenever an Action Plan is finalized, PreZero shall update its SWPPP within thirty (30) days of completion of the Action Plan.  PreZero shall notify Waterkeeper when the Action Plan has been completely implemented and shall submit the revised SWPPP to Waterkeeper for review and comment as set out in Paragraphs 23-24 below. Disagreements as to the revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section III below.

### F.     **Storm Water Pollution Prevention Plan**

22.     <u>SWPPP</u>. As soon as possible, but no later than June 1, 2022, unless the compliance deadline for Paragraph 11.3.1 is tolled on a day-for-day basis due to administrative or permitting delays pursuant to Paragraph 41, in which case the June 1, 2022 compliance deadline in this Paragraph shall similarly be tolled on a day-for-day basis, PreZero shall revise and certify the SWPPP for the Facility to incorporate the requirements of the IGP and this Consent Decree, including but not limited to the following:

22.1.     Update the Facility Owner, Facility Operator, Legally Responsible Person, and SWPPP Contact;

22.2.     Update Facility operating hours;

22.3.     Update existing Facility BMPs;

22.4.     Identify the Designated Employees responsible for compliance with the IGP and this Consent Decree including specifying which individual is responsible for what area of compliance (e.g., Jane Doe: collecting storm water samples);

22.5.     Revise the Facility site map and site description to include all features required in the IGP, including: all impervious areas, all areas associated with industrial activities, all storm water drainage areas with flow directions included therein, all storm water collection and conveyance

systems, all structural control measures affecting industrial storm water discharges, and all areas where leaks have occurred;

22.6.     Revise the pollutant source assessment to include all pollutants likely to be present at the Facility including, but not limited to, each of the pollutants identified in Table 1 of this Consent Decree;

22.7.     Revise the monitoring plan to address all pollutants identified in the pollutant source assessment including, but not limited to, each of the pollutants identified in Table 1 of this Consent Decree;

22.8.     Include a list of materials that have spilled or leaked from the Facility, their location(s), characteristics, and approximate quantities, and preventive measures taken to ensure spills or leaks of the material(s) do not reoccur;

22.9.     Revise the list of potential pollutant sources to include the identification of the location where the material is being stored, received, shipped, and handled, as well as its quantity; and

22.10.    Create a visual inspection form that Designed Employees will use when conducting the visual observations and monitoring of storm water required under the IGP and/or under this Consent Decree.

23.     Revising the SWPPP. PreZero shall revise the Facility SWPPP whenever necessary in accordance with the terms of the IGP, including, but not limited to, if there are any changes in the Facility's storm water discharge point(s) or changes or additions to the BMPs at the Facility whether or not made pursuant to an Action Plan, within thirty (30) days of the occurrence of the event triggering the revision.

24.     Commenting on Revised SWPPPs. PreZero shall submit each revised SWPPP to Waterkeeper for review and comment within fifteen (15) days of its revision. Waterkeeper shall provide comments, if any, to PreZero within thirty (30) days of receipt of the SWPPP.  If PreZero does not incorporate Waterkeeper's comments into the SWPPP,

PreZero shall explain in writing why any comment is not incorporated within thirty (30) days of receiving Waterkeeper's comments.  Any disputes over the adequacy of a SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section III below.

G. **Compliance Monitoring and Reporting**

25. <u>Site Inspections</u>. Waterkeeper and its representatives may conduct one (1) wet weather site inspection and one (1) dry weather site inspection per year at the Facility during the Term of this Consent Decree. Waterkeeper and its representatives may conduct one (1) additional inspection upon completion of the BMPs described in Paragraph 11.3 above.

25.1.    The site inspections shall occur during the Facility's normal Hours of Operation and Waterkeeper shall provide PreZero with forty-eight (48) hours' notice prior to each wet weather site inspection and seventy-two (72) hours' notice prior to each dry weather site inspection.  For any site inspection requested to occur in wet weather, Waterkeeper shall be entitled to adjust timing during normal Hours of Operation or reschedule the inspection for an alternative date during normal Hours of Operation in the event that the forecast changes and precipitation appears unlikely.

25.2.    During the site inspections, Waterkeeper and its representatives shall be allowed access to the Facility's SWPPP, visual observation records, rain gauge data records, employee training records, and other monitoring records, reports, and sampling data. Waterkeeper's right to inspect documents during a site inspection pursuant to this Paragraph is in addition to its right to request documents pursuant to Paragraphs 15 and 18.

25.3.    During the site inspections, Waterkeeper and its representatives may inspect and collect samples and take photos and videos related to IGP

or Consent Decree compliance.  Waterkeeper shall have a certified California laboratory analyze samples collected by Waterkeeper and shall provide copies of the lab reports to PreZero within five (5) business days of receipt by Waterkeeper.

26.     <u>Compliance Monitoring and Oversight</u>.  PreZero agrees to partially defray Waterkeeper's monitoring of PreZero's compliance with this Consent Decree in the amount of $60,000 (Sixty Thousand Dollars).  If the Federal Agencies have not commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within ten (10) business days of the end of the 45-day Federal Agencies review period described in Paragraph 7 above.  If the Federal Agencies have commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within ten (10) business days of the approval and entry of the Consent Decree by the Court.  The payment shall be made via wire transfer or check, made payable to: "Orange County Coastkeeper" and delivered by certified mail or overnight delivery to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

27.     <u>Action Plan Payments</u>. If PreZero is required to submit an Action Plan to Waterkeeper in accordance with Paragraph 20, PreZero shall make payment of $5,000 (Five Thousand Dollars) per action plan payable to: "Orange County Coastkeeper," and delivered by wire transfer, or certified mail or overnight delivery at the time an Action Plan is submitted to Waterkeeper ("Action Plan Payment").

28.     <u>Reporting and Document Provision</u>. During the Term of this Consent Decree, PreZero shall copy Waterkeeper on all documents related to water quality at the Facility that are submitted to the Regional Board, the California State Water Resources Control Board, Inland Empire Utilities Agency, the City of Ontario, and/or any Federal, State, or local agency, county, or municipality.  Such reports and documents shall be provided to Waterkeeper concurrently as they are sent to the agencies, counties, or municipalities.  Any correspondence related to PreZero's compliance with the IGP and/or to storm water or

wastewater quality received by PreZero from any Federal, State, or local agency, county or municipality shall be provided to Waterkeeper within five (5) business days of receipt by PreZero.

H.   **Environmental Mitigation Project, Litigation Fees and Costs, Stipulated Penalties and Interest.**

29.   <u>Environmental Mitigation Project</u>. To remediate the alleged environmental harms specified in the Complaint, PreZero agrees to make a payment of $100,000 (One Hundred Thousand Dollars) to the Rose Foundation to fund environmental project activities that will benefit Southern California waters, including local wetlands restoration and/or preservation.  Provided that the Federal Agencies have not commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within thirty (30) days of the end of the 45-day Federal Agencies review period described in Paragraph 7 above.  If the Federal Agencies have commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within thirty (30)  days of the approval and entry of the Consent Decree by the Court.  The payment shall be made via wire transfer or check made payable to the "Rose Foundation" and delivered to 201 4th Street, Suite 102, Oakland, California 94607-4369.  PreZero shall copy Waterkeeper and its attorneys on any correspondence relating to such payment.

30.   <u>Waterkeeper's Litigation Costs</u>. To partially reimburse Waterkeeper for its investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating, filing, and resolving the lawsuit, and negotiating and implementing this Consent Decree, PreZero shall pay a total of $85,000 (Eighty-five Thousand Dollars).  Provided that the Federal Agencies have not commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within ten (10) business days of the end of the 45-day Federal Agencies review period described in Paragraph 7 above.  If the Federal Agencies have commented negatively on or objected to the entry of this Consent Decree, the payment shall be made within ten (10)

business days of the approval and entry of the Consent Decree by the Court.  The payment shall be made via wire transfer or check, made payable to: "Orange County Coastkeeper" and delivered by certified mail or overnight delivery to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

31.   <u>Stipulated Payment</u>. In the event that PreZero has missed any deadline specified in the Consent Decree, Waterkeeper shall provide written notice to PreZero of such missed deadline.  PreZero shall have ten (10) calendar days from receipt of such notice to respond to Waterkeeper, and if necessary cure such delinquency; provided, however, that PreZero shall not be obligated to cure if PreZero has received an extension of such deadline to cure such delinquency from Waterkeeper or if such extension is otherwise expressly contemplated under the terms of this Consent Decree.  If, subject to the above provision, PreZero fails to respond and, if necessary, cure such alleged delinquency within ten (10) calendar days of receipt of Waterkeeper's notice, then PreZero shall make a stipulated payment of $1,000 (One Thousand Dollars) per day for the missed deadline identified in Waterkeeper's notice, unless PreZero has received, in writing from Waterkeeper, an extension of such deadline to cure such delinquency within the ten (10) business day period, or such extension is otherwise expressly contemplated under the terms of this Consent Decree.  Payments for a missed deadline shall be made for the restoration and/or improvement of the watershed in the area affected by PreZero's discharges and shall be made to the Rose Foundation and delivered via check or wire consistent with the payment provisions in Paragraph 29.  PreZero agrees to make the stipulated payment within thirty (30) days of a missed deadline.  PreZero shall provide Waterkeeper with a copy of each such payment at the time it is made.

32.   <u>Interest Payments</u>. In the event of late payment of any of the sums due under this Consent Decree, PreZero shall pay five percent (5%) APR interest to Waterkeeper, which shall accrue from the first day past the date the sum was due until the date that PreZero tenders payment.  All such payments shall be made payable to: "Orange County

Coastkeeper" and delivered by wire transfer, or certified mail or overnight delivery to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

## III.   DISPUTE RESOLUTION

33.   <u>Retained Jurisdiction</u>. This Court shall retain jurisdiction over this matter for the Term of this Consent Decree for the purposes of enforcing the terms and conditions of this Consent Decree, and adjudicating all disputes among the Settling Parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

34.   <u>Meet and Confer</u>. A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Settling Parties in writing of the matter(s) in dispute (the "Meet and Confer Notice").  The Settling Parties shall then have an initial meet and confer in good faith (either telephonically or in person) within ten (10) business days of the date of the Meet and Confer Notice (the "Initial Meeting").  Starting from the date of the Initial Meeting, the parties shall have thirty (30) calendar days to attempt to resolve the dispute.  The Settling Parties may elect to extend this time in an effort to resolve the dispute without court intervention.

35.   <u>Formal Dispute Resolution</u>. If the Settling Parties cannot resolve a dispute through this meet and confer process, the party initiating the dispute resolution provision may invoke formal dispute resolution by filing a motion before the United States District Court for the Central District of California.  The Settling Parties agree to request an expedited hearing schedule on the motion.

36.   If intervention by the District Court is required, civil penalties and litigation costs and fees incurred in conducting meet and confer or otherwise addressing and/or resolving any dispute, including an alleged breach of this Consent Decree, shall be awarded to the prevailing or substantially prevailing party in accordance with the standard established by Section 505 of the Clean Water Act, 33 U.S.C. §§ 1365(d) and 1319(d), and case law interpreting that standard.

37.    [Reserved].

## IV.    MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

38.    <u>Waterkeeper's Release</u>. Upon the Effective Date of this Consent Decree, Waterkeeper, on its own behalf and on behalf of its current and former officers, directors, employees, and each of their successors and assigns, and its agents, attorneys, and other representatives, hereby releases all persons including, without limitation, Defendants (and each of their current and former officers, directors, members, employees, shareholders and each of their predecessors, successors and assigns, and each of their agents, attorneys, consultants, and other representatives) of and from, and waives all claims which arise from or pertain to this Action, including all claims for injunctive relief, penalties, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed, and claims asserted or that could have been asserted in Waterkeeper's Notice Letter and/or Complaint up to the Effective Date of this Consent Decree.

39.    <u>Defendants' Release</u>. Upon the Effective Date of this Consent Decree, Defendants, on their own behalf and on behalf of their current and former officers, directors, employees, members, and each of their successors and assigns, and their agents, attorneys, and other representatives, hereby release Waterkeeper (and its current and former officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representatives) of and from, and waives all claims which arise from or pertain to this Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed for matters related to, or which could have been asserted in response to, Waterkeeper's Notice Letter and/or Complaint up to the Effective Date of this Consent Decree.

## V.    MISCELLANEOUS PROVISIONS

40.    <u>No Admission of Liability</u>. Neither this Consent Decree, the implementation

of additional BMPs nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, admission or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation.   PreZero maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

41.   <u>Administrative Delay</u>.   PreZero shall diligently pursue any approvals or permits required for compliance with this Consent Decree, including without limitation any approvals or permits to implement any BMPs.   Should such diligent pursuit of approvals or permits required for compliance be unavailing due to actions by, or inaction on the part of any governmental or regulatory entity, and PreZero reasonably demonstrates these delays are not attributable by any action or inaction on PreZero's part, any relevant compliance deadlines set forth in the Consent Decree shall be tolled on a day-for-day basis, until the governmental or regulatory agency issues the necessary approval(s) or permit(s), or until such time as the Parties agree to an alternative means of compliance with the Consent Decree pursuant to the Force Majeure clause, below.

42.   <u>Force Majeure</u>. Force Majeure includes any act of God, war, fire, earthquake, windstorm, flood or natural catastrophe; civil disturbance, vandalism, sabotage or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency.   Force Majeure shall not include normal inclement weather, economic hardship, or inability to pay.   Any party seeking to rely upon this Paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance.   The Settling Parties shall cooperate and exercise due diligence to resolve and remove any Force Majeure event.   Delay in compliance with a specific obligation under this Consent Decree due to Force Majeure as defined in this Paragraph shall not excuse or delay compliance with any or all other

obligations required under this Consent Decree.

43.     Construction. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the IGP, the Clean Water Act, or specifically herein.

44.     Choice of Law. The laws of the United States shall govern this Consent Decree.

45.     Severability. In the event that any provision, Paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

46.     Correspondence. All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by electronic mail, overnight mail or courier as follows:

If to Plaintiffs:

Sarah Spinuzzi, Senior Staff Attorney
Sarah@coastkeeper.org
Lauren Chase, Staff Attorney
Lauren@coastkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626

If to PreZero:

Buck Endemann, Partner
Buck.Endemann@klgates.com
Christina Elles, Associate
Christina.Elles@klgates.com
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111

With copy to:
Ray Deidrick
Ray.Deidrick@PreZero.us
Andre Griggs
Andre.Griggs@PreZero.us

170 N Turner Ave
Ontario, CA 91761

If to Landlord:

170 North Turner, LLC and Armen Derderian
3981 Stonebridge Court
Rancho Santa Fe, CA 92091

Notifications of communications shall be deemed submitted the next business day after having been deposited with an overnight mail/delivery service.  The Settling Parties may also transmit documents electronically.  Electronically transmitted documents shall be deemed submitted on the date of the electronic transmission.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

47.   Effect of Consent Decree. Except as provided herein, Plaintiffs do not, by their consent to this Consent Decree, warrant or aver in any manner that Defendants' compliance with this Consent Decree will constitute or result in compliance with any Federal or State law or regulation.  Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of Defendants to comply with all Federal, State, and local laws and regulations governing any activity required by this Consent Decree.

48.   PreZero Assignment; Landlord Sale of Property. Subject only to the express conditions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Settling Parties, and their successors and assigns.  In the event a PreZero transferee, or assign (a "PreZero Assignee") will continue industrial operations at the Facility, PreZero shall notify Waterkeeper ten (10) days in advance of the proposed transfer or assignment (the "Assignment Notice") and within ten (10) days following the Assignment Notice, PreZero will provide Waterkeeper with a written assignment and assumption duly executed by PreZero and the PreZero Assignee assigning PreZero's obligations under this Consent Decree to the PreZero Assignee.  In the event Landlord transfers, sells, or

otherwise disposes of the Facility and underlying real property, Landlord shall notify Waterkeeper ten (10) days in advance of the proposed transfer, sale, or disposition (the "Property Transfer Notice") and within ten (10) days following the Property Transfer Notice, Landlord will provide Waterkeeper with a written assignment duly executed and acknowledged by Landlord and the "Property Transferee" assigning Landlord's obligations under this Consent Decree to Property Transferee.

49.    <u>Change in Tenancy.</u>  In the event of any change in or termination of PreZero's leased interest in the real property underlying the Facility (the "Property") during the term of this Consent Decree, Defendants shall notify Waterkeeper of the same in writing as soon as practicable, but in all instances prior to the change or termination taking effect.  If PreZero ceases to be the Property tenant and Landlord wishes to lease the Property or any portion thereof to a new tenant whose activities would require IGP coverage ("New Industrial Tenant") during the Term of this Consent Decree, (i) Landlord shall require the New Industrial Tenant under its lease to assume PreZero's duties and obligations contained in this Consent Decree. and (ii) within five (5) days of executing a lease with a New Industrial Tenant, Landlord shall provide Waterkeeper with a fully executed copy of the lease.  If PreZero ceases to be the Property tenant and Landlord wishes to lease the Property or any portion thereof to a new industrial tenant who would not need to obtain coverage under the IGP ("New Non-Industrial Tenant") during the Term of this Consent Decree, within five (5) days of executing any new lease with a New Non-Industrial Tenant, Landlord shall provide Waterkeeper with a certification signed by Landlord and New Non-Industrial Tenant acknowledging that the New Non-Industrial Tenant is not required to obtain coverage under the IGP.

50.    <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

505158827.23

51.     <u>Modification of the Consent Decree</u>. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Settling Parties.

52.     <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

53.     <u>Integration Clause</u>. This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

54.     <u>Authority</u>. The undersigned representatives for Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

55.     The provisions of this Consent Decree apply to and bind the Settling Parties, including any successors or assigns.  The Settling Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on behalf of the Settling Parties, and to legally bind the Settling Parties to its terms.

56.     The Settling Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.  By entering into this Consent Decree, PreZero does not admit liability for any purpose as to any allegation or matter arising out of the Notice Letter and Complaint.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated:      __DECEMBER 13__, 2021      By: _Garry Brown_____
                                      Garry Brown, Executive Director
                                      Orange County Coastkeeper



Dated:      December 13____, 2021

                                      By: _____

                                      Name: _HERNAN DE LA VEGA_____

                                      Title: _CEO_____
                                      For Defendants PreZero US, Inc., PreZero
                                      US Services, LLC, and Apollo Southwest,
                                      Inc.

Dated:      December 13___, 2021      By: */s/ Robert Berezansky_____*

                                      Name: _Robert Berezansky_____

                                      Title: _Chief Financial Officer_____
                                      For Defendants PreZero US, Inc., PreZero
                                      US Services, LLC, and Apollo Southwest,
                                      Inc.

Dated:      _____, 2021       By: _____

                                      Name: _____

                                      Title: _____
                                      For Defendants 170 North Turner, LLC
                                      and Armen Derderian

APPROVED AS TO FORM

Dated:    DECEMBER 13  , 2021          By: _____
                                           Sarah Spinuzzi
                                           Attorney for Plaintiffs


                                       K&L GATES LLP


Dated:    December 13, 2021            By: _____
                                           Buck B. Endemann
                                           Attorney for Defendants PreZero US, Inc.,
                                           PreZero US Services, LLC, and Apollo
                                           Southwest, Inc.



                                       MULVANEY BARRY BEATTY LINN &
                                       MAYERS LLP


Dated:    _____, 2021         By: _____
                                           John A. Mayers
                                           Attorney for Defendants 170 North Turner,
                                           LLC and Armen Derderian

**IT IS SO ORDERED.**                  UNITED STATES DISTRICT COURT
                                       CENTRAL DISTRICT OF CALIFORNIA


Date: _____, 2021             _____
                                       Honorable Josephine L. Staton

APPROVED AS TO FORM

Dated: _____, 2021          By: _____
                                      Sarah Spinuzzi
                                      Attorney for Plaintiffs


                                      K&L GATES LLP


Dated: _____, 2021          By: _____
                                      Buck B. Endemann
                                      Attorney for Defendants PreZero US, Inc.,
                                      PreZero US Services, LLC, and Apollo
                                      Southwest, Inc.



                                      MULVANEY BARRY BEATTY LINN &
                                      MAYERS LLP

Dated: _12·13_____, 2021            By: _____
                                      John A. Mayers
                                      Attorney for Defendants 170 North Turner,
                                      LLC and Armen Derderian

**IT IS SO ORDERED.**                 UNITED STATES DISTRICT COURT
                                      CENTRAL DISTRICT OF CALIFORNIA


Date: _____, 2021           _____
                                      Honorable Josephine L. Staton

1    **IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree

2    as of the date first set forth below.

3    APPROVED AS TO CONTENT

4

5    Dated: _____, 2021          By: _____

6                                          Garry Brown

7                                          Orange County Coastkeeper

8

9

10   Dated: _____, 2021          By: _____

11                                         Name:_____

12                                         Title:_____

13                                         For Defendants PreZero US, Inc., PreZero
                                           US Services, LLC, and Apollo Southwest,
14                                         Inc.

15

16

17   Dated: _____, 2021          By: _____

18                                         Name:_____

19                                         Title:_____

20                                         For Defendants PreZero US, Inc., PreZero
                                           US Services, LLC, and Apollo Southwest,
21                                         Inc.

22

23

24   Dated: _12/13/_____, 2021             By: _____

25                                         Name:_Armen Derderian_____

26                                         Title:_Owner_____

27                                         For Defendants 170 North Turner, LLC and
                                           Armen Derderian

28   [Proposed] Consent Decree          29          Civil Case No. 8:21-cv-01001
     505158827.23

# Exhibit A



**Legend:**

- Capture Sump
- CCTV and camera orientation
- Stormwater Flow Direction
- Captured Water Flow Direction

Legend

Northern Capture Sump
To Pump Water to Southern
Capture Sump.
(Opening in wall will be
blocked)

Northern
Drainage Area

CCTV View Orientation

CCTV Location

Main
Drainage Area

CCTV Location

CCTV View Orientation

Rolling Berm at
entrance

Southern Capture sump

Discharge to POTW
(If applicable)

Capture Tanks

San Secondo d'Asti Catholic Church

Google Earth

100 ft

N